IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION,<br><br>            Plaintiff,<br><br>      v.<br><br>SAMUEL NOAH KEONI LEVITZ, *et al.*,<br><br>            Defendants. | Case No. 24-cv-00468-DKW-KJM<br><br>**ORDER (1) GRANTING MOTION TO REMAND; (2) REMANDING ACTION TO STATE CIRCUIT COURT; (3) DENYING AS MOOT MOTION TO STRIKE; AND (4) DIRECTING SUPPLEMENTAL BRIEFING ON FEES AND COSTS**[1] |

On October 30, 2024, Defendant Samuel Noah Keoni Levitz (Levitz) removed a foreclosure action brought by Plaintiff PNC Bank, National Association (PNC) from the First Circuit Court for the State of Hawaiʻi. Dkt. No. 10. On the same date, Levitz also filed a self-described "Complaint" against, among others, PNC. Dkt. No. 1.

Now pending before the Court is PNC's motion to remand the foreclosure action and for attorney's fees and costs. Dkt. No. 13. PNC argues that Levitz's removal was untimely because the foreclosure action began in state court over a decade ago in 2014, with Judgment being entered in 2023. PNC is certainly correct. Pursuant to 28 U.S.C. Section 1446, a defendant, like Levitz, generally

---

[1] Pursuant to Local Rule 7.1(c), the Court elects to decide these matters without a hearing.

has *30 days* from receipt of the initial pleading to file a notice of removal. 28 U.S.C. § 1446(b)(1). The documents attached to Levitz's own notice of removal, however, reflect that the foreclosure action was commenced in *2014*—more than a *decade* ago—and actively litigated by Levitz since at least 2017. Dkt. No. 10-2 at 2, 15.[2] In other words, Levitz's attempt at removal in late 2024 comes years beyond the time allowed by Section 1446(b)(1).[3]

Nor can Levitz attempt to cure his timing problems by filing a self-described "Complaint" in this Court, concurrent with his notice of removal. Dkt. No. 1. Levitz is a *defendant* in the state court foreclosure action. His "Complaint" here, therefore, is more accurately described as a counterclaim or answer. As such, it cannot provide a basis for removal. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (explaining that neither a defendant's counterclaim nor answer can serve as the basis for federal question jurisdiction); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985) (stating that a case arises under federal law "only if the federal question appears on the face of the plaintiff's well-pleaded complaint[]" and "removability cannot be

---

[2] In citing the documents attached to the notice of removal, the Court cites the page numbers assigned by CM/ECF in the top right corner of the relevant document, *i.e.*, "Page 2 of 138."
[3] There are limited exceptions to the 30-day removal deadline, *see e.g. id*. at § 1446(b)(3), but Levitz does not contend, much less show, that any of them is applicable here.

created by defendant pleading a counter-claim presenting a federal question[.]") (brackets and quotation omitted).

This leaves PNC's request for attorney's fees and costs. Pursuant to 28 U.S.C. Section 1447(c), an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The U.S. Supreme Court has explained that fees and costs should be awarded, pursuant to Section 1447(c), "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, for the reasons set forth above, there was clearly no objectively reasonable basis for seeking removal of the foreclosure case, given the gross untimeliness of doing so *years* after it began and even *after* the entry of Judgment therein.[4]

As a result, PNC is entitled to an award of attorney's fees and/or costs related to the removal of this case. For the Court to properly assess the extent to which PNC's request for fees and costs is "just" under Section 1447(c), PNC is directed to file, **on or before January 31, 2025**, support for its request. Specifically, PNC shall file a supplemental brief containing the information

---

[4] It is unnecessary for the Court to address any other arguments for remand raised in PNC's motion.

required by Local Rule 54.2(f).   Levitz shall file a response to PNC's supplemental brief, responding <u>only</u> to any time entry, hourly rate, and/or expense item to which Levitz objects, **on or before February 21, 2025**.   No reply brief will be permitted.   In addition, the parties shall <u>not</u> be required to confer or prepare a "joint statement" prior to the filing of PNC's supplemental brief.[5]

## CONCLUSION

For the reasons set forth herein, the motion to remand, Dkt. No. 13, is GRANTED.   This case is REMANDED to the First Circuit Court for the State of Hawai'i, pursuant to 28 U.S.C. Section 1447(c), and the Clerk of this Court is instructed to mail a certified copy of this Order to the clerk of the First Circuit Court.   PNC's motion to strike, Dkt. No. 15, is DENIED as moot.

This Court shall retain jurisdiction over this case solely to further address PNC's request for attorney's fees and costs.   *See Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) (holding that, after remand, a district court retains jurisdiction to hear a motion for attorney's fees and costs).

IT IS SO ORDERED.

Dated: January 10, 2025 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

[5] As a result, PNC need not "attach the joint statement" to its supplemental brief, as Local Rule 54.2(f) would otherwise require.   Further, PNC should assume that all of its costs and expenses related to removal are "disputed" for purposes of Local Rule 54.2(f).