IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) ) ) | Civil No. 24-00468 DKW-KJM |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART |
| vs. | ) ) | PLAINTIFF PNC BANK, NATIONAL ASSOCIATION'S |
| SAMUEL NOAH KEONI LEVITZ, *et al.*, | ) ) | REQUEST FOR ATTORNEYS' FEES |
| Defendants. | ) ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT
IN PART AND DENY IN PART PLAINTIFF PNC BANK,
NATIONAL ASSOCIATION'S REQUEST FOR ATTORNEYS' FEES

This matter concerns a foreclosure action brought by Plaintiff PNC Bank,

National Association ("PNC"), in the Circuit Court of the First Circuit, State of

Hawaii.  On October 30, 2024, Defendant Samuel Noah Keoni Levitz ("Levitz"),

proceeding pro se, removed the action to this district court.  ECF No. 10.  That

same day, Levitz also filed a "self-described 'Complaint'" against PNC, among

others.  ECF No. 19 at 1 (citing ECF No. 1).

On November 29, 2024, PNC filed a motion for remand and an award of

attorneys' fees and costs ("Motion for Remand").  ECF No. 13.  On December 6,

2024, PNC filed a motion to strike the Complaint or, in the alternative, dismiss the

Complaint for lack of jurisdiction ("Motion to Strike").  ECF No. 15.  On January

10, 2025, the district court issued an order granting PNC's Motion for Remand,

remanding the case back to state court, and denying as moot the Motion to Strike.

ECF No. 19.  In addition, the district court found that Levitz had no objectively

reasonable basis for removing the foreclosure action.  *Id.* at 3.  The district court

thus concluded that PNC "is entitled to an award of attorney's fees and/or costs

related to the removal of this case" under 28 U.S.C. § 1447(c).  *Id.*

On January 31, 2025, PNC timely filed its request for attorneys' fees

("Request").  ECF No. 22.  Levitz did not file a response.

The Court elects to decide this matter without a hearing pursuant to Rule

54.2(g) of the Local Rules of Practice for the United States for the District of

Hawaii ("Local Rules").  After carefully considering the Request, the Court FINDS

AND RECOMMENDS that the district court GRANT IN PART AND DENY IN

PART PNC's Request as set forth below.

DISCUSSION

I.    PNC's Request

PNC requests an award of $8,707.87 for attorneys' fees incurred in

connection with Levitz's improper removal.  ECF No. 22 at 2.  This amount is

based on work performed by two attorneys, Peter S. Knapman, Esq. ("Mr.

Knapman"), and William L. Grimsley, Esq. ("Mr. Grimsley").  *See generally* ECF

Nos. 22-1, 22-2.  Both Mr. Knapman and Mr. Grimsley submitted declarations in

2

support of the Request.  *Id.*  PNC requests (1) $863.87 as to Mr. Knapman and (2)

$7,844.00 as to Mr. Grimsley.  ECF No. 22-1 at 3 ¶ 8; ECF No. 22-2 at 3 ¶ 8.

Mr. Knapman is counsel of record for PNC in this case.  Mr. Grimsley,

however, has neither formally entered an appearance in this case nor applied to

appear pro hac vice.  In his declaration, Mr. Grimsley states that he is a partner at a

Florida law firm and is outside counsel for PNC.  ECF No. 22-2 at 1 ¶ 1, 2 ¶ 4.

Mr. Knapman states that due to his workload as a solo practitioner, Mr. Knapman

"needed to rely on [Mr. Grimsley] to do the majority of the work to remand this

matter" to state court.  ECF No. 22-1 at 2 ¶ 6.  The Court has carefully reviewed

the record, and there was no indication of Mr. Grimsley's involvement in this case

before the filing of the Request.

The Ninth Circuit has stated:

[A]ttorneys who have not applied to appear pro hac vice may recover
fees in two circumstances:  (1) if the attorney at issue "would have
certainly been permitted to appear pro hac vice as a matter of course
had he or she applied"; or (2) if the work of the attorney "did not rise
to the level of 'appearing' before the district court."

*Hanrahan v. Statewide Collection, Inc.*, No. 21-16187, 2022 WL 3998565, at *1

(9th Cir. Sept. 1, 2022) (quoting *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556

F.3d 815, 822–23 (9th Cir. 2009)).  The Court addresses whether either of these

two circumstances applies in turn below.

3

A.    Whether Mr. Grimsley Would Have Certainly Been Permitted to Appear Pro Hac Vice

Local Rule 83.1 governs the admission and continuing membership in the bar of the United States District Court for the District of Hawaii.  LR83.1.  If an individual is not a member of this bar, he or she must apply for leave to practice in this court in accordance with Local Rule 83.1(c).  *See* LR83.2 ("Only a member of the bar of this court . . . , or an attorney otherwise authorized by LR83.1 to practice before this court, may enter an appearance for a party, sign stipulations or receive payment or enter satisfaction of judgment, decree, or order.").

Local Rule 83.1 sets forth the information an applicant is required to submit when seeking to appear pro hac vice.  *See* LR83.1(c)(2)(B)(i)–(vi).  For example, the applicant is required to state:

(ii)    In what court(s) the attorney has been admitted to practice and the date(s) of admission;

(iii)    That the attorney is in good standing and eligible to practice in said court(s);

(iv)    Whether and under what circumstances the attorney:

(a)    Is currently involved in disciplinary proceedings before any state bar, federal bar, or its equivalent;

. . . .

(v)    Whether the attorney has concurrently or within the year preceding the current application made any pro hac vice application in this court, and if so, the case name and number of each matter wherein

4

> the attorney made the application, the date of the application, and
> whether or not the application was granted . . . .

LR 83.1(c)(2)(B)(ii)–(v).  In addition, Local Rule 83.1 states that an attorney is not

eligible for pro hac vice admission if one or more of the follow apply:  "the

attorney resides in Hawaii; the attorney is regularly employed in Hawaii; or the

attorney is regularly engaged in business, professional, or law-related activities in

Hawaii."  LR83.1(c)(2)(A).

Here, the Court acknowledges that there is nothing in the record indicating

that Mr. Grimsley is ineligible for pro hac vice admission or that his application

would be denied.  At the same time, however, Mr. Grimsley's declaration does not

set forth the information required for this Court to find that Mr. Grimsley would

certainly have been permitted to appear pro hac vice had he applied.  Mr. Grimsley

states that he has been licensed to practice in Florida courts since 2010.  ECF No.

22-2 at 2 ¶ 4.  Mr. Grimsley does not state whether he is in good standing with

those courts, whether he has any pending disciplinary proceedings, or whether he

is licensed in any other courts.

Nor does Mr. Grimsley's declaration contain any statements regarding

eligibility for pro hac vice admission.  The Court notes that Mr. Grimsley states

that he is familiar with the prevailing hourly rates for Hawaii attorneys "based on

[his] continuous work with local counsel on behalf of PNC in Hawaii since 2022."

*Id.* at 3 ¶ 6.  In addition, the Court notes that PNC and Levitz are also involved in

another matter in this court, *Levitz v. PNC Bank National Association*, Civil No. 24-00024 DKW-KJM, where Mr. Knapman also represents PNC Bank, National Association.

The Court will not make assumptions regarding Mr. Grimsley's involvement in this other matter. At the very least, though, Mr. Grimsley's statement regarding his continuous work on behalf of PNC in Hawaii since 2022—two years before PNC removed the action to this court—coupled with another federal case involving the same parties and counsel, requires a further inquiry into whether Mr. Grimsley is "regularly engaged in business, professional, or law-related activities in Hawaii." LR83.1(c)(2)(A).

"[T]he Court has discretion whether to grant or deny an attorney pro hac vice admission. . . . Admission pro hac vice is a privilege, not a right." *PayArc LLC v. Valyou Furniture, Inc.*, CIV. NO. 22-00288 JMS-RT, 2023 WL 6297886, at *5 (D. Haw. Aug. 31, 2023) (quoting *Grant v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, Civ. No. 08-00555 DAE-LEK, 2009 WL 855831, at *1 (D. Haw. Mar. 30, 2009)). Based on the foregoing, the Court cannot find that Mr. Grimsley would certainly have been permitted the privilege to appear pro hac vice.

B.    Whether Mr. Grimsley's Work Arose to the Level of "Appearing" Before the District Court

The Ninth Circuit has previously stated: "An attorney who does not physically appear in court, sign pleadings, or serve as the exclusive contact with

6

the client opposing counsel has not appeared." *Waite v. Clark Cnty. Collection Serv., LLC*, 606 Fed. App'x 864, 866 (9th Cir. Mar. 26, 2015) (citing *Winterrowd*, 556 F.3d at 825). In *Winterrowd*, the plaintiffs sought fees for an out-of-state attorney, who had not been admitted pro hac vice. *Winterrowd*, 556 F.3d at 817. The Ninth Circuit held that the plaintiffs were entitled to fees for this attorney because he (1) did not physically appear before the district court, (2) did not sign pleadings, (3) had minimal, nonexclusive contact with the plaintiffs, and (4) "did not render legal services directly to the plaintiffs." *Id.* at 825. Rather, the Ninth Circuit found that attorney's "role was similar to . . . litigation support or consultants, and distinguishable from an 'appearance.'" *Id.* (citation omitted).

Similarly, in *Waite*, the Ninth Circuit held that the district court abused its discretion in denying fees for the plaintiff's unadmitted, out-of-state attorney. *Waite*, 606 Fed. App'x at 866. The district court found that the attorney had communicated with the plaintiff, handled all settlement negotiations with opposing counsel, and reviewed and edited discovery requests, among other things. *Id.* The Ninth Circuit noted, however, that the attorney had never appeared in court, did not sign pleadings, and was not the exclusive contact with the plaintiff or opposing counsel. *Id.* The Ninth Circuit also noted that this attorney had only billed a total of two hours. *Id.* The Ninth Circuit thus held that the district court erred in concluding that the attorney "appeared" in the action. *Id.*

Here, Mr. Grimsley has not physically appeared in court or signed pleadings.

According to Mr. Knapman's and Mr. Grimsley's time entries, however, Mr.

Grimsley served as the exclusive contact with PNC.  *See* ECF No. 22-1 at 2–3 ¶ 7;

ECF No. 22-2 at 9–10.  There are no time entries indicating that Mr. Knapman

communicated with PNC.  Levitz is pro se, and unsurprisingly there are no time

entries indicating that either Mr. Knapman or Mr. Grimsley communicated with

Levitz.

What distinguishes this case from *Winterrowd* and *Waite*, though—and what

is most troubling to the Court—is the significant role Mr. Grimsley played in

representing PNC in this action.  Mr. Grimsley's conduct here went beyond

support and consultation.  According to the attorneys' time entries, Mr. Grimsley

performed all the strategizing and drafting in connection with the Motion for

Remand and the Motion to Strike.  *See* ECF No. 22-2 at 9–10.  In drafting these

motions, Mr. Grimsley had to research and analyze federal caselaw from the

District of Hawaii and the Ninth Circuit.  Although Mr. Grimsley's name does not

appear on PNC's filings in this case, they are certainly the work product of legal

services rendered by Mr. Grimsley.

In sum, Mr. Grimsley served as the exclusive contact with PNC and played a

significant role in representing PNC.  This is reflected in PNC's request, with Mr.

Grimsley's requested hours making up 86.9% of the total requested hours (3.3

8

hours for Mr. Knapman, 21.9 hours for Mr. Grimsley).  In addition, Mr. Grimsley

rendered legal services directly to PNC.  Based on these considerations, the Court

finds that Mr. Grimsley has effectively "appeared" in this action for purposes of

resolving the Request.

Because the Court cannot say that Mr. Grimsley would certainly have been

permitted to appear pro hac vice, and because the Court finds that Mr. Grimsley

meets the Ninth Circuit standard of having "appeared" in this case, the Court finds

that Plaintiff is not entitled to fees incurred through Mr. Grimsley.  The Court thus

recommends that the district court deny PNC's request for attorneys' fees as to Mr.

Grimsley.

II.    Attorneys' Fees

Reasonable attorneys' fees are generally based on the traditional "lodestar"

calculation.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "Under the lodestar

method, the district court multiplies the number of hours the prevailing party

reasonably expended on the litigation by a reasonable hourly rate."  *Gonzalez v.*

*City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations and internal

quotation marks omitted).

A.    Number of Hours Reasonably Expended

PNC requests 3.3 hours for Mr. Knapman.  ECF No. 22-1 at 3 ¶ 8.  The

Court has carefully reviewed Mr. Knapman's time entries and finds that the time

he spent on this case is reasonable.  The Court also finds that such tasks "were

associated with the relief requested and reasonably necessary to achieve the results

obtained."  *Carpet, Linoleum & Soft Tile Loc. Union 1926 Annuity Tr. Fund v. 808

Maint. & Flooring Inc.*, CIVIL NO. 23-00063 HG-WRP, 2023 WL 7307952, at

*10 (D. Haw. Sept. 27, 2023), *adopted by* 2023 WL 7299933 (D. Haw. Nov. 6,

2023) (citing *Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636 (D.

Haw. 1993)).

> B.    Reasonable Hourly Rates

PNC requests an hourly rate of $250 for Mr. Knapman.  When determining a

reasonable hourly rate, the Court considers the prevailing market rate in the

relevant community for similar work performed by attorneys of comparable skill,

experience, and reputation.  *Roberts v. City of Honolulu*, 938 F.3d 1020, 1025 (9th

Cir. 2019) (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980–81 (9th

Cir. 2008))); *Webb v. Ada Cnty.*, 285 F.3d 829, 840 (9th Cir. 2002) (quoting

*Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)).  The relevant

community is the forum in which the district court sits.  *Camacho*, 523 F.3d at 979.

Mr. Knapman states that he has approximately 24 years of litigation

experience.  ECF No. 22-1 at 1 ¶ 2.  Mr. Knapman has owned his own practice

since 2011.  *Id.*

Based on the information provided by counsel, the nature of this action, and this Court's knowledge of the community's prevailing rates, the Court finds that an hourly rate of $250 for Mr. Knapman is manifestly reasonable.  *See Animaccord Ltd. v. Tran*, CIVIL NO. 23-00173 LEK-WRP, 2024 WL 1976031, at *4 (D. Haw. Mar. 28, 2024), *adopted by* 2024 WL 1972036 (D. Haw. May 3, 2024) (awarding an attorney with approximately 23 years of litigation experience an hourly rate of $450); *PayArc LLC*, 2023 WL 6297886, at *7 (awarding an attorney with approximately 22 years of experience an hourly rate of $360).  The Court thus awards Mr. Knapman an hourly rate of $250.

C.    Total Lodestar Calculation

The following is a table summary of the Court's lodestar calculations:

| Timekeeper | Rate | Hours | Total Award |
|---|---|---|---|
| Peter S. Knapman, Esq. | $250 | 3.3 | $825.00 |
| | | GET (4.712%) | $38.87 |
| | | **TOTAL** | **$863.87** |

The Court finds the foregoing fees award to be reasonable and declines to adjust this lodestar amount.

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiff PNC Bank, National Association's Request for Attorneys' Fees (ECF No. 22).  The Court RECOMMENDS that the district court DENY Plaintiff's request for attorneys'

11

fees as to William L. Grimsley, Esq.  The Court RECOMMENDS that the district

court GRANT Plaintiff's request for attorneys' fees as to Peter S. Knapman, Esq.,

for $863.87.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, March 17, 2025



Kenneth J. Mansfield
United States Magistrate Judge

*PNC Bank Nat'l Ass'n v. Levitz*, Civil No. 24-00468 DKW-KJM; Findings and
Recommendation to Grant in Part and Deny in Part Plaintiff PNC Bank, National Association's
Request for Attorneys' Fees